IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD LEWIS BELL, SR.,
        Plaintiff,

vs.                                          Case No. 3:11cv572/LAC/EMT

DAVID KNOX,
        Defendant.
_____

**REPORT AND RECOMMENDATION**

        Plaintiff initiated this action on November 11, 2011, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc. 5).

        Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In his complaint, Plaintiff, an inmate at the Escambia County Jail, sues David Knox, the owner of Knox Pest Control in Pensacola, Florida.  Plaintiff alleges that on July 25, 2011, Knox placed poison in the doors at the jail in an attempt to combat a rodent problem.  Plaintiff claims that a few days after the placement of the poison, he noticed a very bad odor coming from the doors.  He contacted a forensic lab technician who told him that the way Knox was handling the poison, Knox was putting human lives in danger because "the smell from the dead carcasses causes a deadly disease called (H.P.S.) Hantavirus Pulmonary Syndrome" (doc. 1 at 5).  Plaintiff claims that blood-skin-hair results show that he has H.P.S. in his body, although he does not allege that he has become ill from the disease.  He maintains that Knox has injured him by using poison instead of trapping and removing the rodents.  In his statement of claims, he asserts "[e]ndangerment of life, emotional injury & physical injury due to mice and rats disease's [sic]" (id. at 6).  He seeks $100,000 in damages to pay for future doctor's visits, tests, and medication dealing with H.P.S. and leptospirosis, which latter syndrome is not mentioned in the statement of facts.

Defendant Knox is a private individual who was contracted by the Escambia County Jail to provide pest control services. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); *see also* Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) (citing West). The "color of state law" requirement generally excludes merely private conduct, no matter how discriminatory or wrongful. Focus on the Family v. Pinellas Sun Coast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003). In Adickes v. S.H. Kress & Co., the Supreme Court noted that a private party who is involved in a conspiracy with, i.e., is a willful participant in joint activity with, a state actor is acting "under color of law" for purposes of § 1983. Adickes, 398 U.S. 144, 152 (1970). A plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990) (citing Adickes, 398 U.S. at 152); Sun v. Girardot, 237 Fed. Appx. 415 (11th Cir. 2007) (citing Bendiburg).[1] The allegedly conspiratorial acts must impinge upon the plaintiff's federal right, and the plaintiff must prove an "actionable wrong" to support the conspiracy. Bendiburg, 909 F.2d at 468 (citations omitted). Nevertheless, the Eleventh Circuit has further explained that a private party should only be viewed as a state actor for § 1983 purposes in rare circumstances. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); Wilson v. Dollar-Thrifty Auto Group South Fla., 286 Fed. Appx. 640 (11th Cir. 2008). The mere fact that a State regulates a private party is insufficient to make that party a State actor. Rayburn, 241 F.3d at 1348. To hold that private parties are state actors, the court must conclude that one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

---

[1] The undersigned recognizes that unpublished cases are not considered binding precedent, and cites them only to note the continued viability of the proposition set forth. *See* 11th Cir. R. 36-2.

Case No.: 3:11cv572/LAC/EMT

Rayburn, 241 F.3d at 1347 (alterations in original) (citation omitted); Wilson, *supra*; *see also* Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961) (originating the nexus/joint action test).

Plaintiff has alleged no facts establishing that any of the tests enunciated in Rayburn apply. For example, Plaintiff has not alleged that Knox's actions were coerced or encouraged by a state actor, that in providing extermination services at the jail Knox performed a function that is traditionally the exclusive province of the state, or that a close nexus between the state and Knox's actions existed such that his actions "may fairly be treated as [those] of the State itself." *See* Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001). Moreover, that Knox or his pest control business may be subject to state regulation does not alone convert his actions into state action. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)).

Furthermore, those courts that have specifically considered whether companies hired to provide pest control services in a jail may be considered state actors for purposes of § 1983 have declined to so find. *See* Moore v. Vendor/Aramark Corr. Food Serv., No. 11C2327, 2011 WL 2601582, at *1 (N.D. Ill. June 30, 2011) (holding that a pest control company is not a state actor for § 1983 purposes where it is an independent contractor under a service agreement with a company providing food services to a county jail); Stuart v. Shelby County, No. 06-2525-JDB/dkv, 2007 WL 2471511, at *1 n.1 (W.D.Tenn. Aug. 27, 2007) (no § 1983 cause of action against a company providing pest control services to a jail because it is a private company not acting under color of state law). Thus, Plaintiff has no viable claim against Defendant Knox under § 1983, because the allegations of the complaint do not establish that Knox was a state actor. Plaintiff's complaint should therefore be dismissed for failure to state a claim on which relief may be granted.

The court notes as an aside, that even if Knox was a state actor and Plaintiff was exposed to either H.P.S. or leptospirosis, his exposure is not attributable to Defendant Knox. Mr. Knox did not create the rodent issue at the jail, and his chosen methods of pest eradication would not have increased the risk of inmate exposure to these diseases. Leptospirosis is caused by exposure to several types of the *Leptospira* bacteria, which can be found in fresh water that has been contaminated by animal urine. *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002352/ (last accessed December 20, 2011). The Hantavirus Pulmonary Syndrome is believed to originate

from contaminated dust from mice nests or droppings, as the virus is found in the urine and feces of rodents, particularly deer mice. *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002358/ (last accessed December 20, 2011). Thus, the presence of dead rodents, as opposed to live ones, would not have increased the exposure risk. And again, the rodent population at the jail existed well before Mr. Knox's July 25, 2011 extermination efforts.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 21st day of December, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**